UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| MARY E. FLINN and JOHN E. FLINN, individual and as the Personal Representative of the Estate of Jeffrey Flinn,<br><br>　　　　　　　Plaintiffs,<br><br>　　v.<br><br>ROBERT WALL, individually and in his official capacity, LESLIE HENDRICKS, individually and in her official capacity and JOHN DOES 1 - 5,<br><br>　　　　　　　Defendant. | Case No. 3:13-CV-00486-EJL-REB<br><br>**MEMORANDUM DECISION AND ORDER** |

　　　　Pending before the Court in the above-entitled matter is Defendants Robert Wall and Leslie Hendricks Motion to Dismiss Pursuant to Rule 12(b)(1). Dkt. 12. Having fully reviewed the record, the Court finds that the facts and legal arguments are adequately presented in the briefs and record. Accordingly, in the interest of avoiding further delay, and because the Court conclusively finds that the decisional process would not be significantly aided by oral argument, this matter shall be decided on the record before this Court without oral argument.

**MEMORANDUM DECISION AND ORDER - 1**

# BACKGROUND

The Personal Representatives of the Estate of Jeffrey Flinn filed this action claiming Defendants Wall and Hendricks violated Jeffrey Flinn's constitutional rights either under 42 U.S.C. § 1983 or as a *Bivens* violation. It is undisputed that Flinn was killed after a gun battle withe tribal police. Plaintiffs allege Officer Wall violated Flinn's civil rights under the 4th, 5th and 14th Amendments to the Constitution. Plaintiffs allege Chief Hendrick violated Flinn's constitutional rights by failing to train and supervise his responding officers.

It is alleged Flinn stole a vehicle and firearms in Nez Perce County. Nez Perce county law enforcement officers were in pursuit of Flinn. The Nez Perce Tribal Police were notified of the incident by Nez Perce County Dispatch and a joint effort to apprehend Flinn occurred with Nez Perce County deputies, Lewis County deputies, the Idaho State Police and tribal law enforcement officers. The joint efforts were coordinated through the Nez Perce County Dispatch. The stolen vehicle was disabled through the use of spike strips placed on the road by the Idaho State Police. Officer Wall was the first officer to make contact with Flinn. A gun battle occurred and Officer Wall shot Flinn who died from the gunshot injuries. No Nez Perce County deputies were present when the shootout with Flinn occurred.

Defendants Wall and Hendricks argue the Complaint should be dismissed for a lack of jurisdiction. First, Defendants argue Officer Wall was enforcing tribal laws and was not acting under the color of state law so there is no jurisdiction for a § 1983 claim.

**MEMORANDUM DECISION AND ORDER - 2**

Second, Defendants also argue they were not acting under color of federal law so the Bivens claim must be dismissed. Third, Defendants argue tribal sovereign immunity prevents this action from proceeding against the Defendants.

Plaintiffs have conceded there is no basis for a *Bivens* action in the Defendants official capacities and the Court has dismissed these claims. Dkt. 35. Plaintiffs maintain tribal officers were acting in concert with state actors in trying to stop the stolen vehicle and apprehend Flinn and this makes Defendants liable under § 1983. Plaintiffs argue since there is no claim against the Nez Perce Tribe, the sovereign immunity argument does not apply.

## STANDARD OF REVIEW

A defendant may move to dismiss a complaint for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) in one of two ways. *See Thornhill Publ'g Co., Inc. v. General Tel. & Elec. Corp.*, 594 F.2d 730, 733 (9th Cir. 1979)). The attack may be a "facial" one where the defendant attacks the sufficiency of the allegations supporting subject matter jurisdiction. *Id.* On the other hand, the defendant may instead launch a "factual" attack, "attacking the existence of subject matter jurisdiction in fact." *Id.* A "factual" attack made pursuant to Rule 12(b)(1) may be accompanied by extrinsic evidence. *St. Clair v. City of Chico*, 880 F.2d 199, 201 (9th Cir. 1989); *Trentacosta v. Frontier Pac. Aircraft Indus.*, 813 F.2d 1553, 1558 (9th Cir. 1987). "[N]o presumptive truthfulness attaches to plaintiff's allegations, and the existence of disputed material facts

will not preclude the trial court from evaluating for itself the merits of jurisdictional claims." *Thornhill*, 594 F.2d at 733.

However, "[t]he relatively expansive standards of a 12(b)(1) motion are not appropriate for determining jurisdiction [pursuant to a "factual attack"] ... where issues of jurisdiction and substance are intertwined. A court may not resolve genuinely disputed facts where 'the question of jurisdiction is dependent on the resolution of factual issues going to the merits.'" *Roberts v. Corrothers*, 812 F.2d 1173, 1177 (9th Cir. 1987). "When a statute provides the basis for both the subject matter jurisdiction of the federal court and the plaintiff's substantive claim for relief, a motion to dismiss for lack of subject matter jurisdiction, rather than for failure to state a claim, is proper only when the allegations of the complaint are frivolous." *Id.* In such a case, "the jurisdictional determination should await a determination of the relevant facts on either a motion going to the merits or at trial." *Augustine v. United States*, 704 F.2d 1074, 1077 (9th Cir. 1983).

When considering a motion to dismiss based on a lack of subject matter jurisdiction pursuant to Rule 12(b)(1), the court is not restricted to the face of the pleadings, but may review any evidence to resolve factual disputes concerning the existence of jurisdiction. *McCarthy v. United States*, 850 F.2d 558, 560 (9th Cir. 1988). The burden is on the plaintiff, as the party asserting jurisdiction, to prove that federal jurisdiction is proper. *Tosco Corp. v. Communities for a Better Env't*, 236 F.3d 495, 499 (9th Cir. 2001); *McNutt v. General Motors Acceptance Corp. of Indiana*, 298 U.S. 178, 189 (1936). "[S]overeign immunity is a question of subject matter jurisdiction." *United*

**MEMORANDUM DECISION AND ORDER - 4**

*States v. Nye Cnty., Nev.*, 178 F.3d 1080, 1089 n. 12 (9th Cir. 1999).

## ANALYSIS

1. 42 U.S.C. § 1983 against Officer Wall

"[I]n order to prevail in a section 1983 action, a plaintiff must establish ... that 'the conduct complained of was committed by a person acting under color of state law.'" *Shaw by Strain v. Strackhouse*, 920 F.2d 1135, 1141 1142 (3rd Cir. 1990). Here, Defendants argue and submit affidavits they were acting under tribal law not state law. The Court finds the motion to dismiss is a mixed facial and factual challenge. Generally, the Court would agree that tribal officers are normally enforcing tribal laws when they are on duty. But in this case the Plaintiffs have submitted sufficient evidence that the tribal officers were acting in concert with the state and county law enforcement officer and not acting on their own to solely enforce tribal laws. The Court finds the case of *Evans v. McKay*, 869 F.2d 1341 (9th Cir. 1989) to be controlling. The purpose from the beginning to the end of the pursuit of Flinn was to apprehend an individual who had allegedly stolen a vehicle and firearms. The fact that a Tribal officer or officers were the first in line in pursuing the vehicle was just a matter of coincidence. In this case it was a county law enforcement officer that first reported the theft of the vehicle that put things in motion and it was a state law enforcement officer that put the spikes on the road that brought the vehicle to a stop. The entire incident cannot be broken down into jurisdictional segments or law enforcement officers would be severely handicapped in doing their jobs.

The Supreme Court has held that the state action requirement of § 1983 can be

satisfied when the party charged with committing a constitutional violation "may fairly be said to be a state actor." *Lugar v. Edmondson Oil Co., Inc.*, 457 U.S. 922, 937 (1982). For purposes of the motion to dismiss, the Court finds Officer Wall could fairly be said to be acting under color of state law during the pursuit and shoot out with Flinn. The question of whether the shooting was justified is a question on the merits which is not before the Court at this time.

2. 42 U.S.C. § 1983 against Defendant Hendricks

As to the claim of failure to properly train against the Chief of Police, the Court finds Plaintiffs have not carried their burden that the Chief of Police was acting under color of state law when he allegedly failed to properly train his tribal officers. There is no evidence Defendant Hendricks was directly involved in the shooting and/or directing Officer Wall's actions at the time Flinn was stopped and shot. Any training provided or not provided would have been in the scope of Hendricks' actions under tribal law, not state law. Accordingly, the claims against Defendant Hendricks will be dismissed.

3. Sovereign Immunity

Defendants claim they cannot be sued as the Nez Perce Tribe is protected by sovereign immunity. The Court agrees if the Tribe had been named as a defendant, the claims would have to be dismissed. Instead, the claims are against individuals and the Court does not find that sovereign immunity applies to the claims against Defendant

**MEMORANDUM DECISION AND ORDER - 6**

Wall.  *See Evans v. Mckay*, 869 F.2d 1341, 1347 (claims against Tribe were properly dismissed).

## ORDER

**IT IS ORDERED:**

Defendants' Motion to Dismiss (Dkt. 12) is GRANTED IN PART AND DENIED IN PART.  The § 1983 claims against Defendant Wall are not dismissed.  All other claims against Defendant Wall and Defendant Hendricks are dismissed.

DATED:  **July 15, 2014**

Honorable Edward J. Lodge
U. S. District Judge